UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WEIS-BUY FARMS, INC., | CIVIL ACTION NO. 3:11-cv-02011-MRK |
| Plaintiff | |
| VS. | |
| QUALITY SALES, LLC, MIKE GIANATTI, LARRY GIANATTI II, LARRY GIANATTI III, RANDY DOUGAN, and JERI FRASER, each individually, | **AMENDED COMPLAINT OF FORLIZZI & BIMBER, INC.** |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FORLIZZI & BIMBER, INC.,

Intervening Plaintiff

VS.

QUALITY SALES LLC,
LAWRENCE GIANATTI, A/K/A LARRY GIANATTI,
A/K/A LAWRENCE A GIANATTI, JR., And
LAWRENCE A. GIANATTI II,
JERILYNNE FRASER, A/K/A
JERI L. FRASER-GIANATTI,
A/K/A JERI FRASER, MICHAEL D. GIANATTI,
LAWRENCE A. GIANATTI III,
RANDALL S. DOUGAN, A/K/A RANDAL DOUGAN,
FRANK BAUCHIERO,

Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Jurisdiction and Venue**

1.      Jurisdiction is based upon 7 U.S.C. § 499e(c), the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., [hereinafter "PACA"], and 28 U.S.C. §§ 1331 and 1332. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

2.      Venue in this District is based upon 28 U.S.C. § 1391 in that the majority of the Defendants have their residence and principal place of business or residence in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

**PARTIES**

3.      Plaintiff, Forlizzi & Bimber, Inc. [hereinafter "Forlizzi"] is a Massachusetts corporation with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce pursuant to PACA. Forlizzi was at all pertinent times and is now licensed under PACA, License No. 19811718.

4.      Quality Sales LLC [hereinafter "Quality Sales@] is a Connecticut limited liability company with an usual place of business in Hartford Connecticut. Quality Sales was at all pertinent times and is now licensed under PACA, License No. 19971902. Upon information and belief, Quality Sales has ceased operations and filed a petition under the United States Bankruptcy Code numbered 12-20008 in the United States Bankruptcy Court for the District of Connecticut. No relief is presently sought herein against Quality Sales.

5.   Defendant, Lawrence Gianatti, also known as Larry Gianatti and Lawrence A. Gianatti, Jr. [hereinafter "Gianatti II"] is a resident of Manchester, Connecticut and principal of Quality Sales.

6.   Defendant, Jerilynne Fraser, also known as Jeri L. Fraser-Gianatti and Jeri Fraser, [hereinafter "Fraser"] is a resident of Manchester, Connecticut and principal of Quality Sales.

7.   Defendant, Michael D. Gianatti [hereinafter Mike Gianatti"] is a resident of Southington, Connecticut and a principal of Quality Sales.

8.   Defendant, Lawrence A. Gianatti III [hereinafter "Gianatti III"] is a resident of Southington, Connecticut and a principal of Quality Sales.

9.   Defendant, Randall S. Dougan, also known as Randy Dougan, [hereinafter"Dougan"] is a resident of Southington, Connecticut and a principal of Quality Sales.

10.   Defedant, Frank Bauchiero [hereinafter "Bauchiero"] is a resident of Boca Raton, Florida and a principal of Quality Sales.

## CLAIMS

### COUNT I
### PACA Trust Enforcement and
### Dissipation of PACA Trust Assets By Responsible Individuals

11.   The allegations in paragraphs 1 through 10 are incorporated as if fully set forth herein.

12.   Quality Sales owes Forlizzi the sum of $305,938.50 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit E to the Complaint, incorporated herein by reference.

13.   On diverse dates, Quality Sales contracted with Forlizzi to purchase certain items of fruit and produce at wholesale.

14. Forlizzi performed its obligations and delivered the agreed upon Produce in Chelsea, Massachusetts.

15. Payment for all items purchased from Forlizzi by Quality Sales was due within 21 days of the date of purchase.

16. Quality Sales has failed, neglected and refused to make payment of the agreed upon price.

17. Quality Sales owes Forlizzi the sum of $305,938.50 plus interest from the due date of each invoice, attorneys fees and costs.

18. The allegations in paragraphs 1 through 18 are incorporated as if fully set forth herein.

19. Plaintiffs sold Produce to Quality Sales in interstate commerce.

20. Plaintiffs duly delivered said Produce which was accepted by Quality Sales in Hartford, Connecticut.

21. At the time of the delivery of the Produce to Quality Sales, Plaintiff became a beneficiary of a floating, non-segregated statutory trust (the "PACA Trust").

22. Plaintiff duly preserved its status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

23. Quality Sales is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiff at the time payment is due.

24. Until Plaintiff is paid in full, the PACA Trust Assets consist of:

    a. All of Quality Sales  produce;

    b. All of Quality Sales inventory of food and other products derived from produce;

    c. All of Quality Sales receivables and proceeds from the sale of produce, food and other products derived from produce; and

    d. Any and all assets into which PACA Trust Assets have been transformed, commingled or dissipated.

25.     Payment for the Produce is overdue and has not been made by Quality Sales despite demand by the Plaintiffs.

26.     Quality Sales has dissipated the PACA Trust assets and has failed to make full payment promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the Department of Agriculture regulations promulgated thereunder, 7 C.F.R. § 46.2 et seq.

27.     Gianatti II is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

28.     Fraser is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

29.     Gianatti III is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

30.     Mike Gianatti is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

31.     Dougan is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

32. Bauchiero is and was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B) and required to preserve and prevent the dissipation of the PACA Trust for the benefit of Forlizzi.

33. Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, controlled the operations of Quality Sales.

34. Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, had the right and authority to control the operations of Quality Sales.

35. Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, have each failed to fulfill his, her and its statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiff for the Produce.

36. The failure of Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, to maintain the PACA Trust Assets and pay Plaintiffs for the Produce constitutes the unlawful dissipation of PACA Trust assets

37. As a result of the acts, neglect and failures of Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, the Plaintiff has have not been paid and suffered great loss and damage.

WHEREFORE, Plaintiffs demands

1. A determination that Quality Sales is indebted to Forlizzi for the sum of $305,938.50, plus interest from the due date of each invoice, attorneys fees and costs;

2. Judgment against Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them,, jointly and severally, for the sum of three hundred five thousand nine hundred thirty-eight and 50/100 dollars ($305,938.50), interest from the due date of each invoice, attorneys fees and costs.

<u>COUNT II</u>
RECOUPMENT/DISGORGEMENT
OF PACA TRUST PROCEEDS

38.   The allegations in paragraphs one through 38 are incorporated as if fully set forth herein.

39.   Upon information and believe, the business known as B & A Produce and the income
      generated in connection therewith constitute assets of the PACA Trust.

40.   Upon information and believe, the assets of the business known as B & A Produce
      constitute assets of the PACA Trust.

41.   Upon information and belief, of Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and
      Bauchiero, and each of them, received proceeds of the PACA Trust at a time when the
      Quality Sales was indebted to one or more of the PACA Trust Beneficiaries.

42.   Upon information and belief, of Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and
      Bauchiero, and each of them, received proceeds of the PACA Trust at a time when the
      indebtedness of Quality Sales to one or more of the PACA Trust Beneficiaries was
      overdue.

43.   Upon information and belief, proceeds of the PACA Trust were taken by Gianatti II,
      Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, at a time
      when each knew or should have known that the Quality Sales was indebted to one or
      more of the PACA Trust Beneficiaries and that said indebtedness was overdue.

44.   Upon information and belief, proceeds of the PACA Trust were received by Gianatti II,
      Fraser, Gianatti III, Mike Gianatti, Dougan and Bauchiero, and each of them, for less than
      full and fair consideration at a time when each knew or should have known that the
      Quality Sales was indebted to one or more of the PACA Trust Beneficiaries and that
      said indebtedness was overdue.

45.   Upon information and belief Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and

Bauchiero, and each of them acquired and/or paid for interests in  property with the proceeds

of the PACA Trust.

WHEREFORE, Plaintiffs demands that this Court:

1.   Establish the amount of the indebtedness of Gianatti II, Fraser, Gianatti III, Mike

Gianatti, Dougan and Bauchiero, and each of them, to Forlizzi reasonable attorneys

fees, interest and costs;

2.   Determine the amounts received and/or taken by Gianatti II, Fraser, Gianatti III,

Mike Gianatti, Dougan and Bauchiero, and each of them, which funds were derived

directly or indirectly from the sale of Produce by Quality Sales;

3.   Order that the amounts so determined be disgorged, paid and applied against the

indebtedness of Gianatti II, Fraser, Gianatti III, Mike Gianatti, Dougan and

Bauchiero, and each of them, to Forlizzi;

4.   Determine the interests in property acquired and/or paid for interests with the

proceeds of the PACA Trust and impose a trust thereon for the benefit of Forlizzi;

4.   Order the interests in property upon which a trust is imposed be sold the the

proceeds applied against the indebtedness of Gianatti II, Fraser, Gianatti III, Mike

Gianatti, Dougan and Bauchiero, and each of them, to Forlizzi; and

5.   Grant such other and further relief as is meet and just.

FORLIZZI & BIMBER, INC.


BY ___ /s/ Stuart A. Margolis _____
        Stuart A. Margolis, Esq. [Bar No. ct08803]
        Berdon, Young & Margolis, P.C.
        132 Temple Street
        New Haven, CT  06510
        Phone: (203) 772-3740, Ext. 102
        Fax: (203) 492-4444
        E-Mail: stuart.margolis@bymlaw.com

OSBORNE & FONTE
/s/ Andrew M. Osborne
Andrew M. Osborne, BBO#380455
20 Eastbrook Road
Dedham, MA 02026
781-326-3875
aosborne@osbornefontelaw.com

# EXHIBIT A

FORLIZZI & BIMBER, INC.

Quality Sales, Inc.

P.O. Box 76

Manchester, CT    06045-0076

Net 21
days

| Invoice Date | Due Date | Invoice # | Invoice Amount |
|---|---|---|---|
| 9/13/2011 | 10/4/2011 | 753603 | 18,515.00 |
| 9/15/2011 | 10/6/2011 | 753905 | 22,710.00 |
| 9/17/2011 | 10/8/2011 | 754622 | 22,750.00 |
| 9/18/2011 | 10/9/2011 | 754623 | 23,600.00 |
| 9/19/2011 | 10/10/2011 | 754733 | 23,310.00 |
| 9/21/2011 | 10/12/2011 | 755177 | 22,750.00 |
| 9/23/2011 | 10/14/2011 | 755693 | 31,430.00 |
| 9/23/2011 | 10/14/2011 | 755694 | 23,590.00 |
| 9/26/2011 | 10/17/2011 | 755900 | 20,440.00 |
| 9/29/2011 | 10/20/2011 | 756844 | 15,470.00 |
| 10/1/2011 | 10/22/2011 | 757277 | 21,890.00 |
| 10/5/2011 | 10/26/2011 | 758083 | 33,872.50 |
| 10/10/2011 | 10/31/2011 | 758601 | 25,591.00 |
| 12/10/2011 | 12/31/2011 | 769442 | 20.00 |

Total                                          305,938.50

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **AMENDED COMPLAINT** was filed in the Court's CM/ECF system on the 22nd day of February, 2012.  Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.


FORLIZZI & BIMBER, INC.


BY ___ /s/ Stuart A. Margolis_____
　　　　 Stuart A. Margolis, Esq. [Bar No. ct08803]
　　　　 Berdon, Young & Margolis, P.C.
　　　　 132 Temple Street
　　　　 New Haven, CT  06510
　　　　 Phone: (203) 772-3740, Ext. 102
　　　　 Fax: (203) 492-4444
　　　　 E-Mail: stuart.margolis@bymlaw.com

OSBORNE & FONTE
/s/ Andrew M. Osborne
Andrew M. Osborne, BBO#380455
20 Eastbrook Road
Dedham, MA 02026
781-326-3875
aosborne@osbornefontelaw.com