UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEIS-BUY FARMS, INC., ) <br> ) <br> Plaintiff, and ) <br> ) <br> FORLIZZI & BIMBER, INC., ) <br> Intervening Plaintiff ) <br> ) <br> v. ) <br> ) <br> QUALITY SALES, LLC, MIKE GIANATTI, ) <br> LARRY GIANATTI II, LARRY GIANATTI ) <br> III, RANDY DOUGAN, and JERI FRASER, ) <br> each individually, ) <br> ) <br> Defendants. ) | Civil Action No. 3:11-cv-02011(MRK)(WIG) <br><br><br><br><br><br><br><br><br><br><br> February 23, 2012 |

## ANSWER TO INITIAL INTERVENOR COMPLAINT
## OF FORLIZZI & BIMBER, INC.

The Defendants, Michael Gianatti, Larry Gianatti III, and Randy Dougan ("Gianatti Sons") through their counsel hereby answer Forlizzi & Bimber, Inc.'s ("Forlizzi" or "Plaintiff") Intervenor Complaint dated January 6, 2012 [Docket # 24]. This answer is timely pursuant to this Court's order dated January 23, 2012 extending the time to answer or respond.

The Gianatti Sons note that Forlizzi has filed an Amended Complaint dated February 22, 2012 [Docket # 88] but Forlizzi apparently *did not comply with Rule 15 in obtaining approval from the Court or otherwise properly filing an Amended Complaint*. Accordingly, the Gianatti Sons answer Forlizzi's initial complaint and reserve the right to answer the Amended Complaint if it is allowed by the Court or otherwise properly filed.

## Answer to Complaint of Forlizzi & Bimber, Inc.

1. The Gianatti Sons have insufficient knowledge or information to admit or deny paragraph 1 and therefore leave Plaintiff to its proof.

2. The Gianatti Sons admit that they reside in this district and that a substantial part of the events alleged in the Complaint occurred within this District. As to the allegations against the other Defendants and the remaining allegations of this paragraph, the Gianatti Sons have insufficient knowledge or information therefore leave Plaintiff to its proof.

3. The Gianatti Sons have insufficient knowledge or information to admit or deny paragraph 3 and therefore leave Plaintiff to its proof.

4. The Gianatti Sons admit that Quality Sales has its usual place of business in Hartford, Connecticut and that it has filed bankruptcy and ceased operations. As to the remaining allegations against Quality Sales, the Gianatti Sons leave Quality Sales to answer and otherwise leave Plaintiff to its proof.

5. This allegation is against Defendant Larry Gianatti II. The Gianatti Sons leave this other Defendant to answer and otherwise leave Plaintiff to its proof.

6. This allegation is against Defendant Jeri Lynn Fraser. The Gianatti Sons leave this other Defendant to answer and otherwise leave Plaintiff to its proof.

7. Admitted that Michael Gianatti is or was a resident of Southington, Connecticut but denied that he is a principal of Quality Sales.

8. Admitted that Lawrence Gianatti III is or was a resident of Southington, Connecticut but denied that he is a principal of Quality Sales.

- 3 -

9. Admitted that Randy Dougan is or was a resident of Southington, Connecticut but denied that he is a principal of Quality Sales.

## COUNT I

10. The Gianatti Sons incorporate their answers to paragraphs 1-9 as if more fully set forth herein.

11. The Gianatti Sons generally admit that they believe that amounts were due and owing by Quality Sales to Forlizzi & Bimber but have insufficient information to admit or deny the specific amount due at this time and leave Quality Sales to answer as to this allegation against Quality Sales and leave Plaintiff to its proof.

## COUNT II

12. The Gianatti Sons incorporate their answers to paragraphs 1-11 as if more fully set forth herein.

13. The Gianatti Sons admit that they believe this to be correct, and leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

14. The Gianatti Sons admit that they believe this to be correct, and leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

15. The Gianatti Sons have insufficient information to admit or deny these allegations and leave Plaintiff to its proof.

16. The Gianatti Sons admit that they believe this to be correct, and leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

17. The Gianatti sons have insufficient information to admit or deny the specific amount due at this time and leave Plaintiff to its proof.

## COUNT III

18.  The Gianatti Sons incorporate their answers to paragraphs 1-17 as if more fully set forth herein.

19.  Admitted.

20.  This allegation is directed to Defendant Quality Sales and the Gianatti Sons leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

21.  The Gianatti Sons have insufficient information to admit or deny the allegations and leave Plaintiff to its proof.

22.  The Gianatti Sons have insufficient information to admit or deny the allegations and leave Plaintiff to its proof.

23.  This allegation is directed to Defendant Quality Sales and the Gianatti Sons leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

24.  The Gianatti Sons have insufficient information to admit or deny the allegations and leave Plaintiff to its proof.

25.  This allegation is directed to Defendant Quality Sales and the Gianatti Sons leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

26.  This allegation is directed to Defendant Quality Sales and the Gianatti Sons leave Defendant Quality Sales to its own answer and Plaintiff to its proof.

27.  This allegation is directed to Defendant Larry Gianatti II and the Gianatti Sons leave Defendant Larry Gianatti II to his own answer and Plaintiff to its proof.

28.  This allegation is directed to Defendant Jeri Fraser and the Gianatti Sons leave Defendant Fraser to her own answer and Plaintiff to its proof.

29. Denied. Further, Larry Gianatti III responds that the referenced statute speaks for itself and provides for exceptions within its text, making it unclear as to whether the allegation is that Larry Gianatti III is "responsibly connected" or whether he falls within the exception. And the referenced term "responsibly connected" is used with administrative proceedings such as under 7 U.S.C. § 499h, and is not the "control" standard used to determine PACA trustee liability.

30. Denied. Further, Mike Gianatti responds that the referenced statute speaks for itself and provides for exceptions within its text, making it unclear as to whether the allegation is that Mike Gianatti is "responsibly connected" or whether he falls within the exception. And the referenced term "responsibly connected" is used with administrative proceedings such as under 7 U.S.C. § 499h, and is not the "control" standard used to determine PACA trustee liability.

31. Denied. Further, Randy Dougan responds that the referenced statute speaks for itself and provides for exceptions within its text, making it unclear as to whether the allegation is that Randy Dougan is "responsibly connected" or whether he falls within the exception. And the referenced term "responsibly connected" is used with administrative proceedings such as under 7 U.S.C. § 499h, and is not the "control" standard used to determine PACA trustee liability.

32. The Gianatti Sons deny that they have any such duties. As to the other Defendants the Gianatti Sons leave the other Defendant to their answer and Plaintiff to its proof.

33. Denied as to the Gianatti Sons. As to the allegations against the other Defendants the Gianatti Sons leave them to their answer and Plaintiff to its proof.

- 6 -

34. Denied as to the Gianatti Sons. As to the allegations against the other Defendants the Gianatti Sons leave them to their answer and Plaintiff to its proof

                                  Defendants Michael Gianatti, Randy
                                  Dougan and Larry Gianatti III

By   */s/ William J. Egan*
    William J. Egan (CT 07975)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299
    E-mail: wegan@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system this 23rd day of February, 2012.

                                                          */s/ William J. Egan*
                                                        William J. Egan