UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEIS-BUY FARMS, INC. ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> QUALITY SALES, LLC, ET AL. ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION CASE NO. <br> 3:11-cv-02011 (MRK) <br><br><br><br><br><br><br><br> February 23, 2012 |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS LARRY GIANATTI II AND JERI FRASER

Defendants Larry Gianatti II and Jeri Fraser, through their undersigned counsel, hereby answer and assert affirmative defenses with respect to the allegations of plaintiff's Amended Complaint dated December 29, 2011.

### Answer to Amended Complaint of Weis-Buy Farms, Inc.

1. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

2. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

3. a.    Deny.

1

      b.      Admit that Larry Gianatti II was an officer of Quality Sales, LLC in a position to control the Company at all times relevant to this action. Deny that Jeri Fraser was an officer of Quality Sales, LLC. As to the remaining allegations and the same allegations as to the other defendants, these defendants lack information sufficient to form a belief as to the allegations and therefore leave the plaintiff to its proof.

4. Deny.

5. Deny.

6. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

7. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

8. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

9. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

10. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

11. These defendants lack information sufficient to form a belief as to the allegations of this

paragraph and therefore leave the plaintiff to its proof.

12. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

13. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

## Count I

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)

### COMPANY and PRINCIPALS

14. These defendants repeat and reallege their responses to the allegations of paragraph 1-13 as if fully set forth herein.

15. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

16. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

17. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

18. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

19. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

## COUNT II

### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY
### 7 U.S.C. § 499b(4)

### COMPANY and PRINCIPALS

20. These defendants repeat and reallege their response to the allegations of paragraph 1-19 as if fully set forth herein.

21. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

22. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

23. These defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

## COUNT III

### BREACH OF CONTRACT

### COMPANY

24-28 The action is stayed as to the Company and these defendants do not respond to the allegations of these paragraphs or this Count.

## COUNT IV

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### PRINCIPALS

29. These defendants re-allege their responses to paragraphs 1 through 28 as though fully set forth herein.

30. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

31. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

32. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

33. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

34. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

35. Admit that Larry Gianatti II was an authorized signatory to the Company's bank accounts. Deny that Jeri Fraser was an authorized signatory to the Company's bank accounts. As to the remaining allegations of this paragraph and the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

36. The allegations of this paragraph state a legal conclusion as to which no response is required. To the extent that a response may be required, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

37. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

38. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

39. Denied as to Larry Gianatti II and Jeri Fraser. As to the same allegations asserted against the other defendants, these defendants lack information sufficient to form a belief as to the allegations of this paragraph and therefore leave the plaintiff to its proof.

## Prayer for Relief

These defendants deny that the plaintiff is entitled to any of the relief it seeks in this action and prays that the Court enter a Judgment in their favor, dismissing the Complaint.

Any remaining allegations of the Amended Complaint that have not been responded to are hereby denied.

## Affirmative Defenses

### First Affirmative Defense

These defendants have previously paid over and delivered personal funds to the Company in an amount exceeding the plaintiff's claims and are thus discharged from PACA liability.

### Second Affirmative Defense

These defendants did not breach any trust or fiduciary duty owed to the plaintiff.

### Third Affirmative Defense

On information and belief, the plaintiff waived its rights and protections under PACA.

### Fourth Affirmative Defense

These defendants' liability, which liability is denied, is secondary to the liability of the Company and these defendants are entitled to a setoff and credit with regard to any recovery from the Company or its bankruptcy estate and to a setoff and credit with regard to any recovery from the other individual defendants or third parties.

DEFENDANTS,
LARRY GIANATTI, II and
JERI L. FRASER

BY _____
Jeffrey J. Tinley
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, 2nd Floor
Waterbury, CT 06702
203-596-9030
Federal Bar No.: ct00765
E-Mail: jtinley@tnrdlaw.com

## CERTIFICATION

I hereby certify that on February 23, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Jeffrey J. Tinley (ct00765)
60 North Main Street, 2nd Floor
Waterbury, CT 06702
Phone (203) 596-9030
Fax: (203) 596-9036
E-mail: jtinley@tnrdlaw.com