UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEIS-BUY FARMS, INC., ) | |
| ) | |
| Plaintiff, and ) | |
| ) | |
| FORLIZZI & BIMBER, INC., ) | Civil Action No. 3:11-cv-02011(MRK)(WIG) |
| Intervening Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| QUALITY SALES, LLC, MIKE GIANATTI, ) | |
| LARRY GIANATTI II, LARRY GIANATTI ) | |
| III, RANDY DOUGAN, and JERI FRASER, ) | |
| each individually, ) | |
| ) | |
| Defendants. ) | February 24, 2012 |

## ANSWER TO AMENDED COMPLAINT OF WEIS-BUY FARMS, INC.

The Defendants, Michael Gianatti, Larry Gianatti III, and Randy Dougan ("Gianatti Sons") through their counsel hereby answer Weis-Buy Farms, Inc.'s Amended Complaint dated December 29, 2011.

### Answer to Amended Complaint of Weis-Buy Farms, Inc.

1. The Gianatti Sons have insufficient knowledge or information to admit or deny paragraph 1 and therefore leave Plaintiff to its proof.

2. Admitted.

3. The Gianatti Sons admit they were officers of Quality Sales, deny they were directors or shareholders or in a position to control Quality Sales. As to the remaining

11530619-v1

allegations as to other Defendants, the Gianatti Sons leave the other Defendants to answer the allegations against them.

4. The Gianatti Sons deny they were in control of quality Sales, and admit that Quality Sales was in the business of purchasing and selling Produce. As to the specifics of each and every Defendant being a "dealer" under PACA they have insufficient information to admit or deny those allegations and leave Plaintiff to its proof.

5. The Gianatti Sons deny they were in control of quality Sales, and admit that Quality Sales was in the business of negotiating sales and purchases of perishable agricultural commodities. As to each and every Defendant being a "broker" under PACA they have insufficient information to admit or deny those allegations and leave Plaintiff to its proof.

## JURISDICTION AND VENUE

6. The Gianatti Sons have insufficient information to admit or deny paragraph 6 and leave Plaintiff to its proof.

7. The Gianatti Sons have insufficient information to admit or deny paragraph 7 and leave Plaintiff to its proof.

## FACTUAL ALLEGATIONS

8. The Gianatti Sons admit that Quality Sales purchased Produce from Plaintiffs in this amount but deny they individually purchased Produce or controlled Quality Sales.

9. Admitted.

10. Admitted.

11. The Gianatti Sons have insufficient information to admit or deny the allegations of this paragraph and leave Plaintiff to its proof.

12. The Gianatti Sons have insufficient information to admit or deny the allegations of this paragraph and leave Plaintiff to its proof.

13. The Gianatti Sons have insufficient information to admit or deny the allegations of this paragraph and leave Plaintiff to its proof.

## COUNT I

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)

### COMPANY and PRINCIPALS

14. The Gianatti Sons reallege their answers to paragraphs 1 through 13 as though fully set forth herein.

15. Denied.

16. The Gianatti Sons deny they were responsible for delivering any funds to Plaintiff. The Gianatti Sons are unaware of payments by Quality Sales sufficient to pay for all assets but leave Quality Sales to specifically answer for itself.

17. The Gianatti Sons deny they were obligated to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action. As to the allegations against the remaining defendants the Gianatti Sons leave them to answer and the Plaintiff to its proof.

18. Denied.

19. The Gianatti Sons have insufficient information to admit or deny the allegations and leave Plaintiff to its proof.

## COUNT II

FOR VIOLATION OF THE PERISHABLE AGRICULTURAL
COMMODITIES ACT: FAILURE TO PAY PROMPTLY
7 U.S.C. § 499b(4)

COMPANY and PRINCIPALS

20. The Gianatti Sons re-allege their Answers to paragraphs 1 through 19 as though fully set forth herein.

21. The Gianatti Sons deny that they individually received the shipments of Produce. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

22. The Gianatti Sons deny that they were obligated to pay the invoices. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

23. The Gianatti Sons deny that they were obligated to pay the invoices. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

COUNT III

BREACH OF CONTRACT

COMPANY

24. The Gianatti Sons re-allege their answers to paragraphs 1 through 23 as though fully set forth herein.

25. This allegation is directed against Defendant Quality Sales and the Gianatti Sons leave that Defendant to answer and the plaintiff to its proof.

26. This allegation is directed against Defendant Quality Sales and the Gianatti Sons leave that Defendant to answer and the plaintiff to its proof.

27. This allegation is directed against Defendant Quality Sales and the Gianatti Sons leave that Defendant to answer and the plaintiff to its proof.

28.     The Gianatti Sons deny that they were obligated to pay for each shipment of Produce. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

## COUNT IV

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES
## PRINCIPALS

29.     The Gianatti Sons re-allege their answers paragraphs 1 through 28 as though fully set forth herein.

30.     The Gianatti Sons admit that they were officers of Quality Sales but deny that they were directors or shareholders of the Company or in charge of the Company's business undertakings. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

31.     The Gianatti Sons admit that Quality Sales was engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities, and that they were employees of Quality Sales. As to the remainder of the allegations of this paragraph, the Gianatti Sons have insufficient information to admit or deny and leave the plaintiff to its proof.

32.     The Gianatti Sons deny that they controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

- 6 -

33.     The Gianatti Sons deny that they were in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

34.     The Gianatti Sons deny that they had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

35. The Gianatti Sons deny that they were all authorized signatories on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust. Defendant Michael Gianatti admits he was an authorized signatory at certain times for Quality Sales. As to the other Defendants, the Gianatti Sons leave them to answer and the plaintiff to its proof.

36 – 39. Denied.

                Defendants Michael Gianatti, Randy Dougan and Larry Gianatti III

By   */s/ William J. Egan*
    William J. Egan (CT 07975)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299
    E-mail: wegan@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system this 24th day of February, 2012.

/s/ William J. Egan
William J. Egan
