UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WEIS-BUY FARMS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 3:11-cv-02011 |
| | ) | |
| QUALITY SALES, LLC, *et al.*, | ) | **RULE 26(F) REPORT OUTLINE** |
| | ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 24, 2012. The participants were:

Jason R. Klinowski, Esq. - counsel for plaintiff Weis-Buy Farms, Inc.

Andrew M. Osborne, Esq. - counsel for plaintiff Forlizzi & Bimber, Inc.

William J. Egan, Esq. - counsel for defendants: Larry Gianatti, III, Michael Gianatti and Randy Dougan.

Jeffrey J. Tinley, Esq. - counsel for defendants Larry Gianatti, II and Jeri Fraser

Quality Sales, LLC - The company is currently under the protection of the U.S. Bankruptcy Court and the automatic stay applies to any actions against the company. No counsel for the bankrupt entity appeared or otherwise participated in the Rule 26(f) conference. As such, the forthcoming Rule 26(f) conference report necessarily excludes the company.

I.      **CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction.

The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff(s) other claims pursuant to 28 U.S.C. § 1367(a). The Court has *in rem* jurisdiction over the Plaintiff(s) claims pursuant to, inter alia, 28 U.S.C. § 1655.

### B.    Personal Jurisdiction.

As of the date and time of this conference report, no challenge to this Honorable Court's personal jurisdiction over the named parties exist.

## III.    BRIEF DESCRIPTION OF CASE

Weis-Buy Farms, Inc. (the "Weis-Buy") brought claims against the defendants, Quality Sales, LLC (the "Quality Sales") Michael Gianatti, Larry Gianatti, II, Larry Gianatti III, Randy Dougan and Jeri Fraser, each individually, (collectively the "Defendants") for money damages resulting and otherwise related to the Defendant(s) alleged breach of the trust provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the "PACA"). Forlizzi & Bimber, Inc. ("Forlizzi") thereafter intervened as a plaintiff asserting similar claims against the same parties. Quality Sales filed a petition under chapter 7 of the Bankruptcy Code on January 6, 2012. Forlizzi filed an amended complaint on February 22, 2012 adding Frank Bauchiero as a defendant and claims for recovery of the PACA Trust proceeds transferred to the individual defendants.

### A.    Claims of Plaintiff(s).

The main claims, as outlined in Plaintiffs' Complaint, concern: (1) The Enforcement of the PACA Trust; (2) Failure to Promptly Pay; (3) Breach of Contract; (4) Breach of Fiduciary Duties, and (5) Constructive Trust.

  **B.** **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s)**.

Randy Dougan, Larry Gianatti III and Mike Gianatti all deny that they were in a position to control Quality Sales LLC and deny that they are liable as trustees under PACA or any other theory of liability.

  **C.** **Defenses and Claims of Third Party Defendant(s): Statement of Undisputed Facts**.

Larry Gianatti II and Jeri Fraser each deny that they were in a position to control Quality Sales LLC and deny that they are liable as trustees under PACA or any other theory of liability.

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed[1]:

  **A.** Quality Sales is indebted to Weis-Buy Farms in the current amount of $171,081.30, plus such interest and costs of collection, including attorneys' fees, as the claimant may be entitled to pursuant to any applicable contractual or statutory provisions providing for the same.

  **B.** Quality Sales is indebted to Forlizzi in the current amount of $305,938.50, plus such interest and costs of collection, including attorneys' fees, as the claimant may be entitled to pursuant to any applicable contractual or statutory provisions providing for the same.

  **C.** Larry II owns a 50% interest in Quality Sales, Jeri Fraser owns a 30% interest in Quality Sales and Frank Bauchiero owns a 20% interest in Quality Sales.

## V. CASE MANAGEMENT PLAN

  **A.** **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

---

[1] The individual defendants do not dispute these statements, but do not admit them on behalf of Quality Sales LLC as that is a separate entity under bankruptcy protection and without counsel.

42698522.1 709528-000000

    1.      Motion to Dismiss due by the later of March 27, 2012 or within sixty (60) days of service of process.

    2.      Amended Pleadings due by May 31, 2012.

    3.      Discovery due by September 28, 2012.

    4.      Dispositive Motion due by November 1, 2012.

**B.    Scheduling Conference with the Court**.

The parties request a telephonic pretrial conference with the Court on or about March 6, 2012 before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  If a conference becomes necessary, the parties prefer a conference by telephone.

**C.    Early Settlement Conference**.

    1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.      The parties do not request an early settlement conference, but the parties do anticipate moving the Court for a Settlement Conference prior to the close of discovery.

    3.      The parties prefer a settlement conference with a magistrate judge.

    4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties and Amendment of Pleadings**.

    1.      Plaintiff(s) should be allowed until May 31, 2012 to file motions to join additional parties and until May 31, 2012 to file motions to amend the pleadings.

    2.      Defendant(s) should be allowed until May 31, 2012 to file motions to join additional parties and until February 23, 2012 to file a response to the original complaints.

    3.      The parties shall comply with the applicable timelines set forth in the Federal Rules of Civil Procedure governing the response to any further pleadings.

**E.    Discovery**.

    1.      The parties anticipate that discovery will be needed on the following subjects:  the individual defendant(s) control over the operations of the

        Company, the dissipation of the PACA Trust assets, the transfer of PACA Trust assets to the individual defendants, the deficiency of the PACA Trust and other similar areas of concern.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 1, 2012 and completed (not propounded) by September 28, 2012.

3. Discovery will not be conducted in phases.

4. Discovery on all issues will be completed by September 28, 2012.

5. The parties anticipate that the plaintiff(s) will require a total of 6 depositions of fact witnesses and that the defendant(s) will require a total of 5 depositions of fact witnesses. The depositions will commence by March 1, 2012 and be completed by September 28, 2012.

6. The parties may request permission to serve more than 25 interrogatories.

7. At present, Plaintiff(s) do not intend to call expert witnesses at trial. Plaintiff(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 31, 2012. Depositions of any such experts will be completed by June 30, 2012. In the event that facts obtained during discovery so warrant, Plaintiffs reserve the right to designate expert witnesses.

8. Defendant(s) **may call** an expert witnesses at trial. Defendant(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **August 31, 2012**. Depositions of such experts will be completed by September 28, 2012.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 1, 2012.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

**[The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information or the parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:]**

11. You must secure, preserve, and produce all responsive electronic documents, including but not limited to information stored on servers (including e-mail, file, database servers), computer hard drives, personal data assistants, removable storage devices, Web sites, backup tapes, including any and all meta-data and other data that is otherwise available from the documents and information in their electronic form.  Electronic documents must be preserved as they are maintained in the ordinary course of business.  Any electronic productions, including but not limited to, meta-data, should be produced in accordance with the attached specifications.

12. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production.  Following is the position of each party: Any document inadvertently produced to opposing counsel that is also identified on the party's privilege log shall not be deemed a waiver of any such privilege.

**F.     Dispositive Motions**.

Dispositive motions will be filed on or before November 1, 2012.

**G.     Joint Trial Memorandum**.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 14, 2013.

**H.     Magistrate Judge To Preside**?

The parties consent to proceed solely before Magistrate Judge William I. Garfinkel for all purposes, including a final determination of the facts.

**I.     Appearance by Phone**.

At all non-evidentiary hearings, the parties agree that all counsel may appear by phone without further leave of court.

**VI.    TRIAL READINESS**

The case will be ready for trial by February 18, 2013.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Weis-Buy Farms, Inc.:

By: /s/  Jason R. Klinowski, Esq.

Date: 02/27/2012

Forlizzi & Bimber, Inc.

By: /s/  Andrew M. Osborne, Esq.

Date: 02/27/2012

Larry Gianatti, III, Michael Gianatti and Randy Dougan

By: /s/  William J. Egan, Esq.

Date: 02/27/2012

Larry Gianatti, II and Jeri Fraser

By: /s/  Jeffrey J. Tinley, Esq.

Date: 02/27/2012

The undersigned *pro se* parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff  _____  Date: _____

Defendant  _____  Date: _____

42698522.1 709528-000000