UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEIS-BUY FARMS, INC., | : |
|     Plaintiff, | : |
|     vs. | : |
| QUALITY SALES LLC, MIKE GIANATTI, LARRY GIANATTI III, JERI FRASER, RANDY DOUGAN, and LARRY GIANATTI II, | : : : |
|     Defendants. | : |
| ------------------------------------------------------X | No. 3:11cv02011(WIG) |
| FORLIZZI & BIMBER, INC., and MASTRONARDI PRODUCE LTD., | : : |
|     Intervening Plaintiffs, | : |
|     vs. | : |
| QUALITY SALES LLC, MIKE GIANATTI, LARRY GIANATTI III, JERI FRASER, RANDY DOUGAN, LARRY GIANATTI II, and FRANK BAUCHIERO, | : : : : |
|     Defendants. | |
| ------------------------------------------------------X | |

RULING ON MOTION TO DISMISS [DOC. # 110] OF DEFENDANT FRANK BAUCHIERO

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant, Frank Bauchiero, has moved to dismiss the Amended Complaint of Intervening Plaintiff, Forlizzi & Bimber, Inc.,[1] dated

---

[1] Bauchiero has not been named as a defendant by Plaintiff Weis-Buy Farms, Inc.

February 22, 2012 [Doc. # 88] on the ground that the complaint fails to state a claim against him upon which relief may be granted.

Motion to Dismiss Standard

Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). A complaint that falls short of the Rule 8(a)(2) standard may therefore be dismissed under Rule 12(b)(6), Fed. R. Civ. P., if it fails to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of a complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). "Moreover, the district court should not be swayed into granting the motion because the possibility of ultimate recovery is remote." *Id.* "Finally, the district court must limit itself to a consideration of the facts that appear on the face of the complaint." *Id.* When considering such a motion, the district court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Famous Horse, Inc. v. 5th Avenue Photo* Inc., 624 F.3d 106, 108 (2d Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 697 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Two working principles underlie the plausibility standard. "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 67 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss;' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## Discussion

Forlizzi & Bimber brought this suit under the Perishable Agricultural Commodities Act, 1930, as amended ("PACA"), 7 U.S.C. § 499e, against Bauchiero, seeking to hold him individually liable as a PACA trustee for $305,938.50 in unpaid invoices for produce sold to Quality Sales LLC. The amended complaint contains two counts, one entitled "PACA Trust Enforcement and Dissipation of PACA Trust Assets by Responsible Individuals," and the other entitled "Recoupment/Disgorgement of PACA Trust Proceeds."

As in *Twombly* and *Iqbal*, the Court begins by taking note of the elements a plaintiff must plead to state a cause of action against an individual for dissipation of PACA trust assets and for disgorgement of PACA trust proceeds. In its Ruling on Plaintiff's Motion for Preliminary Injunction, this Court held that an individual who is in a position to control the assets of a PACA trust and fails to preserve those assets may be held personally liable to the trust beneficiaries for breach of fiduciary duty. *Weis-Buy Farms, Inc. v. Quality Sales LLC*, No. 3:11cv2011, 2012 WL

280617, at *10 (D. Conn. Jan. 31, 2012); *see also Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 2000); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993).  While the corporation will be held liable in the first instance for the debt owed, individuals in a position to control trust assets, who breached their fiduciary duties, may be held secondarily liable for whatever amount of the debt is not recoverable from the corporation.  *Weis-Buy*, 2012 WL 280617, at *10 (citing *Morris Okun*, 814 F. Supp. at 349-50).  The courts have held that individual liability turns not on whether the individual nominally held an officer position nor even the size of his or her shareholding, but whether he or she had the authority to direct the control of the PACA trust assets.  *Weis-Buy*, 2012 WL 280617, at *10 (citing *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 169 (3d Cir. 2010); *Grimmway Enters., Inc. v. PIC Fresh Global, Inc.*, 548 F. Supp. 2d 840, 849 (E.D. Cal. 2008); *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)).  "The test for individual liability continues un-brightlined, as each case depends on facts found by the trier at trial."  *Bear Mountain*, 623 F.3d at 169.

The factual allegations of the Amended Complaint,[2] which are deemed to be true for

---

[2] Forlizzi & Bimber also alleges that Bauchiero was at all times pertinent a "responsibly connected" person under PACA, 7 U.S.C. § 499a(b)(9) (Am. Comp. ¶ 32).  That characterization is a legal conclusion, and one that the Court is not required to accept as true.  Moreover, the "reasonably connected" standard is different than the "control" standard applicable to individual liability for dissipation of PACA trust assets in actions brought under 7 U.S.C. § 499e.  The "reasonably connected" standard is applicable to PACA administrative licensing and license revocations proceedings and to whom PACA licensees may employ.  *See* 7 U.S.C. §§ 499d(c), 499h(b).  The only relevance that this term has to these proceedings is that Bauchiero would have to have been a partner in a partnership or an officer, director or holder of more than 10% of the outstanding stock of the corporation or association to be a "responsibly connected" person.  *See* 7 U.S.C. § 499a(b)(9); *Norinsberg v. United States Department of Agriculture*, 162 F.3d 1194, 1197 (D.C. Cir. 1998).

purposes of this motion, are that Bauchiero at all relevant times controlled the operations of Quality Sales (Am. Comp. ¶ 33); that Bauchiero had the right and authority to control the operations of Quality Sales (Am. Comp. ¶ 34); that Bauchiero failed to preserve the PACA trust assets and failed to make full payment promptly to Forlizzi & Bimber for the produce it sold to Quality Sales (Am. Comp. ¶¶ 35, 36); and that, as a result of his acts and omissions, Forlizzi & Bimber was not paid and has suffered damages (Am. Comp. ¶ 37). In the second count, Forlizzi & Bimber alleges that Bauchiero received proceeds from the PACA trust at a time when Quality Sales was indebted to one or more of the PACA trust beneficiaries (Am. Comp. ¶ 41) and at a time when the indebtedness was overdue (Am. Comp. ¶ 42), and that Bauchiero knew or should have known of this overdue indebtedness (Am. Comp. ¶¶ 43, 44).

In his motion to dismiss, Bauchiero maintains that the complaint does not contain any facts demonstrating that he had the authority to direct control of the PACA trust assets. The amended complaint, however, did plainly allege that he was in control of the operations of Quality Sales and that he had the right and authority to control the operations. These are not conclusions of law. They are factual statements that the Court must accept as true at this juncture. While Bauchiero may dispute these factual allegations and may even prevail at the summary judgment stage when the facts supporting his alleged lack of control are before the Court, for purposes of this motion to dismiss the Court must accept these factual allegations as true. As the district court held in *Partner's Produce, Inc. v. Newport Int'l of Tierra Verde, Inc.*, No. 09-82404-CIV-MARRA, 2010 WL 2950005, at *3 (S.D. Fla. July 26, 2010), "given that the Complaint alleges that the officers and directors were in a position to control [the corporation] 'at all relevant times,' the Complaint has satisfied the required pleading standard. . . . To the extent

that Defendants claim that [the movant] was not in a position of control of [the corporation's] finances at all relevant times, such an inquiry is fact-specific and cannot be resolved on a motion to dismiss."  See also Fresh Logistics, LLC v. Atlantis Foods, Inc., No. 08-81239-CIV, 2009 WL 2242608, at *4 (S.D. Fla. July 27, 2009);  Harvest Food Group, Inc. v. Newport Int'l of Tierra Verde, Inc., No. 08-80681-CIV, 2008 WL 4927006, at *3 (S.D. Fla. Nov. 17, 2008).  But cf. Avanti Enterprises, Inc. v. AT&T Produce, Inc., No. CV-09-1185(NGG), 2010 WL 3924771, at *5 (E.D.N.Y. July 21, 2010) (granting a motion to dismiss claims against individual defendants, who were officers, directors, shareholders and the alleged "conscious moving force concerning the operations of th[e] corporation," where the complaint failed to allege that the individual defendants were in a position to control the PACA trust), report and recommendation adopted by 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010); Andrew Smith Co. v. Paul's Pak, Inc., No. C-08-04802, 2009 WL 765687, at *5 (N. D. Cal. Mar. 20, 2009) (granting dismissal of PACA claims against individual defendants where the complaint alleged they were in a position to control PACA trust assets but this allegation was contradicted by other, more specific allegations in the complaint about who controlled the corporations).

     Notably, Forlizzi & Bimber's claims are not subject to the heightened pleading requirement of Rule 9(b), Fed. R. Civ. P.  "Stated differently, this is an ordinary notice pleading case, subject to the 'short and plain statement' requirements of Federal Rule of Civil Procedure 8(a)."  Litwin v. Blackstone Group, L.P., 634 F.3d 706, 715 (2d Cir. 2011).  Moreover, as Forlizzi & Bimber points out, plaintiffs in cases such as this one are often not in a position to know the inner workings of a corporation with which they do business many miles away and, thus, are not in a position to include specific facts about an individual's control of the corporation

at this stage of the litigation.

Conclusion

The Court finds that Forlizzi & Bimber has pled sufficient facts to put Bauchiero on notice of the claim against him and to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. Accordingly, Bauchiero's Motion to Dismiss [D oc. # 110] is denied.[3]

SO ORDERED at Bridgeport, Connecticut, this __15th__ day of June, 2012.

        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge

---

[3] On the same day this ruling was drafted, Bauchiero filed a reply in support of his motion to dismiss. The reply was untimely. *See* D. Conn. L. Civ. R. 7(d). Nevertheless, the Court has reviewed the reply brief prior to issuing this ruling and finds that it does not change the result. Bauchiero is correct that matters outside of the complaint cannot be considered in ruling on a motion to dismiss. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). The Court did not consider any of the extraneous matters cited by Forlizzi & Bimber, and did not rely on any of the evidence presented at the hearing on the Motion for Preliminary Injunction, to which Bauchiero was not a party. Thus, the Court adheres to its original ruling.